IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | Civil Action No. 6:13-cv-584-LED |
| | § | JURY TRIAL DEMANDED |
| Plaintiff, | § § | |
| v. | § § | Judge Leonard Davis |
| NEC CASIO MOBILE COMMUNICATIONS, LTD., et al., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**I.   INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), NEC Casio Mobile Communications, Ltd., NEC Corporation of America, AT&T Mobility LLC, and Cellco Partnership d/b/a Verizon Wireless[1] ("Defendants") hereby jointly move to dismiss Plaintiff Cellular Communications Equipment LLC's ("CCE") claims of induced infringement, contributory infringement, and willful infringement for failure to state a claim.

CCE's claims are threadbare recitals of the elements of the causes of action, supported by mere conclusory statements, and devoid of factual allegations. CCE's allegations are insufficient to put Defendants on notice of the bases for CCE's claims of infringement. It is thus impossible for Defendants to properly investigate and defend against CCE's claims. CCE's failure to properly plead its claims may also impair Defendants' ability to adequately preserve documents

---

[1] Cellular Communications Equipment LLC's Original Complaint misidentifies Cellco Partnership d/b/a Verizon Wireless as Cellco Partnership Inc. d/b/a Verizon Wireless. Verizon Communications Inc., though named as a defendant in CCE's Complaint, is not a party to this Joint Motion as it was dismissed from the case. Docket No. 37.

and meet other discovery obligations, and will unnecessarily increase the expense and burden of this litigation on Defendants and this Court. CCE's claims of induced infringement, contributory infringement, and willful infringement should be dismissed.

## II.  CCE'S INFRINGEMENT ALLEGATIONS

CCE's complaint alleges direct infringement of six United States patents. Compl. at 1. CCE also alleges indirect infringement—by inducing infringement and/or contributing to infringement, *e.g.*, Compl. ¶ 15—of four of the patents. CCE also alleges willful infringement of four of the patents, three of which overlap with the allegations of indirect infringement:

|  | **Indirect infringement alleged** | **Willful infringement alleged** |
|---|---|---|
| **Count 1: U.S. Patent No. 6,377,804** | X |  |
| **Count 2: U.S. Patent No. 6,819,923** |  | X |
| **Count 3: U.S. Patent No. 7,215,962** | X | X |
| **Count 4: U.S. Patent No. 7,941,174** | X | X |
| **Count 5: U.S. Patent No. 8,055,820** | X | X |
| **Count 6: U.S. Patent No. 7,218,923** |  |  |

### A.  Indirect Infringement

CCE's allegations of indirect infringement of the '804, '962, '174, and '820 Patents are nearly identical boilerplate accusations:

> Defendants . . . have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the . . . patent . . . by, among other things, making, using, offering for sale, selling and/or importing [the accused products].

Compl. ¶¶ 15, 34, 47, and 59. CCE additionally states as to each patent,

> Defendants are liable for indirect infringement of the . . . patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the [accused products] to practice the claimed methods.

Compl. ¶¶ 16, 36, 49, and 61. CCE adds a boilerplate paragraph for inducing infringement:

> On information and belief, despite having knowledge of the . . .

> patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the [accused products], including Defendants' customers, to use such devices in a manner that infringes the . . . patent . . . . Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the [accused products] — have and continue to actively induce infringement.

Compl. ¶¶ 18. For the '962, '174, and '820 Patent allegations, CCE rephrases the second clause, stating that Defendants "have and continue to specifically intend for persons who acquire and use" the accused products to infringe. Compl. ¶¶ 38, 51, and 63.

Similarly, CCE's contributory infringement allegations merely state:

> On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the . . . patent, and are not staple articles of commerce suitable for substantial non-infringing use.

Compl. ¶ 19. For the '962, '174, and '820 Patent allegations, CCE adds the boilerplate—without further comment or explanation—that the accused products "are especially made and/or adapted for use in infringing the . . . patent." Compl. ¶¶ 39, 52, and 64.

### B. Willful Infringement

CCE's allegations of willful infringement of the '9923, '962, '174, and '820 Patents similarly consist of mere boilerplate language:

> On information and belief, despite having knowledge of the . . . patent and knowledge that they are directly infringing one or more claims of the . . . patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the . . . patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

Compl. ¶ 28. As to the '962, '174, and '820 Patents, CCE adds "and/or indirectly" to the opening clause. Compl. ¶¶ 40, 53, and 65. CCE additionally alleges as to knowledge:

> On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the . . . patent at least as early as [month and year], when it was disclosed to 3GPP via [the European Telecommunications Standards Institute].

Compl. ¶¶ 27, 37, 50, and 62.

### III.   LEGAL STANDARD

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires that every pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). Claims for indirect infringement are required to meet the higher pleading threshold governed by the Supreme Court's holdings in *Twombly* and *Iqbal*. *In re Bill of Lading Transmission and Processing System Patent Lit.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012), citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Claims for willful infringement are also subject to that higher threshold. *FuzzySharp Technologies Inc. v. Nvidia Corp.*, 12-CV-06375-JST, 2013 WL 4766877, at *2 (N.D. Cal. Sept. 4, 2013).

Under the *Twombly* and *Iqbal* analysis, there are two steps in determining whether a pleading is sufficient. *See Iqbal*, 556 U.S. at 679. *First*, a court identifies the allegations that are not entitled to the presumption of truth, which includes any allegations that are "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory." *Id.* at 679-681. *Second*, a court examines the remaining "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556)

(quotations omitted). A complaint will not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Merely pleading the "bare elements of his cause of action" will result in dismissal. *Id.* at 686.

## IV. ARGUMENT

### A. The Indirect Infringement Claims Should Be Dismissed

Indirect infringement encompasses induced infringement and contributory infringement. Pleadings for such claims must comply with the requirements articulated in *Twombly* and *Iqbal*. *Bill of Lading*, 681 F.3d at 1336–37.

#### 1. CCE's Complaint Fails to Plead a Claim for Induced Infringement

For a claim of induced infringement to survive a motion to dismiss, the complaint must: (1) adequately plead direct infringement, (2) contain facts plausibly showing that the accused infringer specifically intended for that third party to infringe the asserted patents, and (3) contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013) (citing *Bill of Lading*, 681 F.3d at 1339). CCE fails to adequately plead either of the latter two elements, with each failure providing an independent basis for dismissal.

*First*, CCE does not plead sufficient facts to support the Defendants' specific intent for a third party to infringe the '804, '962, '174, or '820 Patents. CCE's sole allegations regarding inducement state that Defendants "specifically intend for persons . . . to use [the accused] devices in a manner that infringes" the asserted patents, and that Defendants knew or should have known that "instructing customers and end users regarding use of the" accused products actively induced infringement. Compl. ¶¶ 18, 38, 51, and 63. CCE's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

support an induced infringement claim. *Iqbal*, 556 U.S. at 678; *see U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 114309 at *14 (E.D. Tex. Feb. 7, 2013) (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient). CCE provides no factual basis at all for its allegations as to Defendants' specific intent to induce infringement, as to Defendants' knowledge of the alleged infringement, or as to the circumstances under which Defendants "should have known" of the alleged infringement. CCE thus fails to adequately plead its claim for inducing infringement of the '804, '962, '174, and '820 Patents and the claim should be dismissed.

*Second*, CCE fails to allege facts plausibly showing that Defendants knew that the third party's acts constituted infringement, as CCE fails to allege facts that Defendants knew of the '804 Patent or had any reason to believe that the '804 Patent might by infringed by Defendants' products prior to service of the Complaints. Compl. ¶ 17. "To the extent [CCE] relies on knowledge of [the] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement." *Aguirre v. Powerchute Sports, LLC*, Civ. A. No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011). Moreover, "the knowledge requirement for inducement refers to the inducer's knowledge of the induced third party's infringing acts, not knowledge of an inducer's own inducing conduct." *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, (E.D. Tex. June 5, 2013) (ECF No. 74); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). CCE's allegations are limited to the conclusory recital that "Defendants knew or should have known that their actions . . . have and continue to actively induce infringement,"

Compl. ¶¶ 18, 38, 51, and 63, an allegation devoid of factual basis.

CCE similarly fails to allege facts showing that Defendants knew of any third-party infringement of the '962, '174, and '820 Patents. Moreover, CCE's allegations of pre-suit knowledge of the '962, '174, and '820 Patents *themselves* are insufficient. CCE's allegations of pre-suit knowledge for each of these patents are that "each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known" of each patent at least since it was disclosed "to 3GPP via [the European Telecommunications Standards Institute]." Compl. ¶¶ 27; *see id.* ¶¶ 37, 50, and 62.

Without adequately alleging why or how 3GPP member organizations—much less anyone "affiliated" with a 3GPP member organization—necessarily receives notice of all patents disclosed "via the European Telecommunications Standards Institute," CCE raises nothing more than a speculative possibility that Defendants had the knowledge of the patents required for an induced infringement claim. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see Rembrandt Soc. Media, LP v. Facebook, Inc.*, No. 1:13cv158, 2013 WL 2950342, at *5 (E.D. Va. June 12, 2013) (where the allegations do not "give[] rise to anything more than a conceivable possibility of knowledge of the . . . patent, rather than a plausible inference that [Defendant] possessed such knowledge . . . the claims for indirect infringement based upon pre-suit knowledge must be dismissed."). The allegation that Defendants knew of each of these patents merely because each Defendant could be *affiliated* with an entity that is a member of *another organization* (3GPP) to which these patents were allegedly disclosed *via yet another organization* (ETSI) is far too speculative and attenuated to suffice. Yet even that speculative

allegation only purports to allege Defendants' knowledge of the *patents*, whereas a claim for contributory infringement requires sufficient allegation of "knowledge of the induced *third party's infringing acts*." *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, at *8 (E.D. Tex. June 5, 2013) (slip op.) (emphasis added). CCE's claim for inducing infringement thus fails on two, independent bases. Having failed to sufficiently allege facts as to Defendants' specific intent *and* Defendants' knowledge of the alleged third-party infringement, CCE's claim for inducing infringement of the '804, '962, '174, and '820 Patents should be dismissed.

    2. **CCE's Complaint Fails to Plead a Claim for Contributory Infringement**

Contributory infringement requires the sale, or offer for sale, of "a component of a patented machine . . ., or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." 35 U.S.C. § 271(c). Thus, a patent owner must establish: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). CCE fails to meet at least three of the four requirements for pleading contributory infringement.

*First*, CCE fails to sufficiently allege that Defendants had knowledge of the patents. CCE insufficiently alleges knowledge of the '804 Patent based on service of the Complaint; and insufficiently alleges only the speculative *possibility* of pre-suit knowledge of the '962, '174, and '820 Patents based on disclosure to 3GPP. *See supra* Section IV.(A)(1).

*Second* and *third*, CCE alleges no facts to support that the component has no substantial noninfringing use or that the component is a material part of the invention. At the pleading stage, "a plaintiff must, among other things, plead facts that allow an inference that the components . . . have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement." *Id.* at 1338. A claim for contributory infringement that "does not identify the components used in the infringing method" and does not "allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses" must be dismissed. *InMotion Imagery Techs. v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012). CCE's complaints not only fail to identify the *particular* components allegedly used in an infringing method, as required; the complaints do not even definitely allege *any* components were a material part of the inventions of the asserted patents. Instead CCE ambiguously alleged that Defendants' "products accused of infringing (*and/or* components thereof) are a material part of the inventions." Compl. at ¶¶ 19, 39, 52, 64 (emphasis added). To the extent the "and/or" claims are actually alleged, CCE's bare recital of the requisite contributory infringement elements are wholly conclusory and "not entitled to the assumption of the truth." *Iqbal*, 556 U.S. at 608.

Yet even if presumed true, CCE's conclusory statements should be negated as highly implausible as a matter of "common sense." *Id.* at 679. The accused devices—like all modern smartphones and tablet computers—obviously have a wide variety of noninfringing uses, and CCE has alleged nothing to overcome that common sense fact. What's more, CCE's own allegations create the inference that the accused products have substantial non-infringing uses. *Digi*, 2013 U.S. Dist. LEXIS 114309 at *14 (dismissing a contributory infringement claim

because "[plaintiff]'s allegation that customers infringe when they use operating systems and components in accordance with [defendant]'s *instructions* actually creates an inference that [the accused products] might otherwise be used in a non-infringing manner") (emphasis added).

For the reasons stated above, CCE's contributory infringement claims as to the '804, '962, '174, and '820 Patents should also be dismissed.

### B. The Willful Infringement Claims Should Be Dismissed

To support a willfulness claim, a plaintiff must, at a minimum, establish two separate and independent elements: (1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). A willful infringement claim must be based on "particular facts" that demonstrate the basis for that allegation. *InMotion Imagery Technologies v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012). "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374. "So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.*

CCE's willful infringement allegations here are nothing more than a recitation of the willful infringement standard, Compl. ¶¶ 28, 40, 53, and 65, which is insufficient to sustain a claim. *See, e.g.*, *Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013) (finding "an allegation, absent any supporting facts, insufficient to establish a willful infringement claim"); *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14–15 (E.D. Tex. May 23, 2011) (dismissing willful infringement claims despite allegations of pre-suit knowledge because willful infringement claims were "conclusory"). *First*, CCE's allegation that Defendants "continued their infringing conduct and disregarded an objectively high likelihood of infringement," Compl.

¶¶ 28, 40, 53, and 65, is a bare legal conclusion of the type expressly prohibited by *Iqbal*. CCE fails to identify, explain, or allege any factual basis for the required "objectively high likelihood of infringement," and thus the claim is "insufficient to establish a willful infringement claim." *Touchscreen Gestures* at *5. *Second*, CCE similarly fails to allege that Defendants had the requisite subjective knowledge of the obviousness of the risk, whatever it might have been. CCE's basis for alleging willfulness cannot be pre-suit knowledge of the asserted patents, because as noted above, CCE insufficiently alleges only the speculative *possibility* of pre-suit knowledge of the '962, '174, and '820 Patents based on disclosure of the patents to the 3GPP. *See supra S*ection IV.(A)(1). CCE offers the same insufficient, speculative basis for pre-suit knowledge of the '9923 Patent, and thus fails to adequately plead willful infringement of that patent as well.

It is impossible to speculate further what the basis for CCE's willfulness claim could be, which is precisely why the claim should be dismissed; CCE's allegations are insufficient to put Defendants on notice of the bases for its claims of willful infringement. CCE's tacked-on willful infringement claim is merely "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. For the reasons stated above, it should also be dismissed.

## V.     CONCLUSION

Defendants respectfully request that the Court dismiss CCE's claims of indirect and willful infringement for failure to state a claim upon which relief may be granted.

Dated: November 18, 2013          Respectfully submitted,

                                        */s/ Rick L. Rambo*
Rick L. Rambo
Texas State Bar No. 00791479
rrambo@morganlewis.com
Adam A. Allgood
Texas State Bar No. 24059403
aallgood@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Robert W. Busby, LEAD ATTORNEY
Virginia Bar No. 41312 (*Admitted Pro Hac Vice*)
rbusby@morganlewis.com
John D. Zele
Virginia Bar No. 36183 (*Admitted Pro Hac Vice*)
jzele@morganlewis.com
Jeremy D. Peterson
Virginia Bar No. 36183 (*Admitted Pro Hac Vice*)
jpeterson@morganlewis.com
Bradford A. Cangro (*admitted in TXED*)
D.C. Bar No. 495996
bcangro@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000 Telephone
(202) 739-3001 Facsimile

*Counsel for Defendants*
*NEC Corporation of America, Inc., NEC CASIO Mobile Communications, Ltd., and AT&T Mobility LLC*

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles B. Molster, III
Virginia State Bar No. 23613
Thomas M. Dunham
D.C. Bar No. 448407
cmolster@winston.com
tdunham@winston.com
WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100

Attorneys for Cellco Partnership d/b/a/ Verizon Wireless

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 18, 2013.

                                              */s/ Rick L. Rambo*
                                              Rick L. Rambo