**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § | Civil Action No. 6:13-cv-584-LED |
| Plaintiff, | | JURY TRIAL DEMANDED |
| v. | § § | Judge Leonard Davis |
| NEC CASIO MOBILE COMMUNICATIONS, LTD., et al., | § § § § § | |
| Defendants. | | |

**<u>DEFENDANTS' JOINT REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Cellular Communications Equipment LLC's ("CCE's") Opposition to Defendants' Motions to Dismiss ("Opp.") ignores the case law mandating that its boilerplate allegations of indirect and willful infringement be dismissed.  CCE also injects entirely new factual allegations through its Opposition, confirming that its Complaint is deficient.  At a minimum, CCE's failure to sufficiently allege pre-suit knowledge of the asserted patents mandates that *any* liability for indirect infringement must be limited to the post-filing period.

## I.     ARGUMENT

### A.     CCE's Induced Infringement Claims Should Be Dismissed

CCE improperly introduces new allegations through its Opposition.  These newly alleged facts cannot cure CCE's failure to sufficiently plead two essential elements of inducement: (1) any Defendants' alleged specific intent for a third party to infringe the asserted patents; and (2) any Defendant's alleged knowledge that a third party's acts constituted infringement.

First, CCE does not sufficiently allege intent for any Defendant.  CCE disregards *Twombly*/*Iqbal* by claiming CCE "need not identify specific documents to prove intent."  Opp. at 6.  In its Opposition, CCE attempts to add new details that discuss the *medium* of Defendants' "instructional materials"—that Defendants "tell their customers how to use the accused products" "online" and via "manuals"—rather than *actually identifying an instruction related to the asserted patents*.  CCE's threadbare allegations, however, only recite the elements of the cause of action with the barest of changes, and do not permit the reasonable inference that any Defendant is liable for the misconduct alleged.  Second, CCE addresses the wrong issue, arguing that "Defendants had knowledge of the *patents*."  Opp. at 6 (emphasis added).  In fact, "the knowledge requirement for inducement refers to the inducer's knowledge of the induced third party's infringing acts, not knowledge of an inducer's own inducing conduct."  *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, slip op. at *8 (E.D. Tex. June 5,

2013).  CCE's reliance on *Achates* is misplaced.  *Achates* did not hold the knowledge element is satisfied based on knowledge of the *patents* as opposed to the *third party's acts*; rather, it determined the required knowledge of the third party's acts could be inferred where defendants' customers were sold a product containing a component which would not achieve its purpose if a specific, infringing customer step was not mandatory.[1]  *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013).  CCE has not alleged the accused products contain such a critical component. Indeed, CCE's Complaint offers neither a description of the alleged invention, nor descriptions of particular actions "instructed" by the Defendants and actions performed by their customers.

B.     CCE's Contributory Infringement Claims Should Be Dismissed

CCE ignores the *Twombly/Iqbal* requirements that contributory infringement claims must be supported with specific factual allegations.  At the pleading stage, "a plaintiff must . . . plead facts that allow an inference that the components . . . have no substantial non-infringing uses." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).  "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement."  *Id.* at 1338.  A claim for contributory infringement that "does not identify the components used in the infringing method" and does not "allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses" must be dismissed.  *InMotion Imagery Techs. v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012).  CCE's Complaint fails to meet either standard.

CCE's Complaint alleges no facts that would allow an inference or inquiry regarding use

---

[1] In *Achates*, the plaintiff asserted patents allegedly covering "activation" of a software product.  The Court reasoned that "[i]n order to be an effective anti-piracy countermeasure, [defendant's] software products must require that the activation step be mandatory.  Therefore, it is reasonable to infer that [defendant] encourages its customers to use its software products and complete the activation step."  2013 U.S. Dist. LEXIS 27143, at *10.

of the accused products for non-infringing purposes.  Instead, CCE improperly attempts to add details in its Opposition and incorrectly suggests that CCE can ignore the pleading requirements until "after discovery."  Opp. at 7-8.  CCE points to 4 paragraphs in its Complaint for the *"plausible inference"* that Defendants' products "are material to practicing the invention" and "are not staple articles of commerce suitable for substantial non-infringing use."  Opp. at 7-8.  However, these paragraphs merely parrot the pleading standard, they do not contain facts.  *See, e.g.*, Complaint at ¶¶ 19, 39, 52, 64.  Moreover, CCE's allegations that Defendants "instruct[] customers and end users" to infringe imply that the accused products *have* substantial non-infringing uses.  *See U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 114309 at *14 (E.D. Tex. Feb. 7, 2013).  CCE ignores this, instead relying on *Achates* to suggest that contributory infringement can be inferred from "adequate facts" in the Complaint "that the … component has no other use than to perform the method steps."  Opp. at 8.  In *Achates*, however, the Court was able to describe the "activation component" in question, 2013 U.S. Dist. LEXIS 27143, at *8-9.  Finally, CCE seems to concede both that Defendants' accused products may have substantially non-infringing uses <u>and</u> that CCE's Complaint is devoid of factual allegations describing any components.  Opp. at 8.

  C. <u>CCE's Willful Infringement Claims Should Be Dismissed</u>

  CCE argues that it can plead willful infringement by alleging only direct infringement and pre-filing knowledge of the asserted patents, and suggests that it need not allege any objectively reckless behavior or circumstance.  Opp. at 9.  CCE is incorrect; a good faith willfulness allegation requires an "allegation that [Defendants] acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5-6 (E.D. Tex. Mar. 27, 2013); *see Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at

*14-15 (E.D. Tex. May 23, 2011).  CCE also ignores the ample authority that the boilerplate language in its Complaint is insufficient. *See* Motion at 10-11.

Furthermore, CCE's allegations are insufficient to establish pre-suit knowledge of the asserted patents, a required element of willfulness.  *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007).  CCE's allegations of pre-suit knowledge of the '9923, '962, '174, and '820 Patents rely almost entirely on details wholly absent from the Complaint, and  provide only a speculative possibility that each of the Defendants obtained knowledge of those patents.

D. <u>CCE's Allegations of Activities Prior to Filing the Complaint are Insufficient</u>

One defect common to all of the indirect and willful infringement allegations is CCE's failure to sufficiently allege pre-suit knowledge of the asserted patents.  First, CCE concedes that no pre-suit knowledge of the '804 Patent was alleged.  Opp. at 3.  Second, CCE's argument that it alleged pre-suit knowledge of four patents depends almost entirely on factual claims wholly absent from the Complaint.[2]  In its Complaint, CCE's sole allegation of pre-suit knowledge is its claim that these four patents were disclosed to "3GPP."  *In its Opposition*, CCE newly dubs these patents "essential to practice a standard" and argues for the first time that Defendants "garnered pre-suit knowledge by virtue of their involvements [sic] with a standards-setting organization called the 3rd Generation Partnership Project (or '3GPP')."[3]  Opp. at 4.  *In its Complaint*, however, CCE did not allege *any* facts about 3GPP, much less that 3GPP redistributed patent disclosures to its members or that 3GPP redistributed these specific patents to these Defendants. Indeed, CCE does not allege that any Defendants are 3GPP members; it only alleges they might

---

[2] CCE does not allege indirect or willful infringement for the '8923 patent.  CCE only alleges pre-suit knowledge of the '9923, '962, '174, and '820 Patents.

[3] CCE further alleges, *for the first time*, that the "3GPP solicits identification of standard essential patents," Opp. at 4, that Defendants "received actual notice of the standard essential patents at issue here," *id*., that "it is well-known that 3GPP not only develops and publishes wireless communications standards, but *actively encourages and solicits* disclosure of patents essential to its work and maintains a register of such patents," *id*. at 5, and that each asserted patent "has exceptional significance to 3GPP members."  *Id.*

-4-

be, or are "affiliated with" members.  It is unreasonable to infer that alleged disclosures of these patents to "3GPP" resulted in any Defendant acquiring actual knowledge these patents.

CCE's allegations regarding 3GPP are "'naked assertions' devoid of 'further factual enhancement'" that are not entitled to a presumption of truth and do not permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 556).  Accordingly, CCE's indirect infringement and willfulness claims do not "give[] rise to anything more than a conceivable possibility of [pre-suit] knowledge" and should be dismissed.  *Rembrandt Soc. Media, LP v. Facebook, Inc.*, No. 1:13-cv-158, 2013 WL 2950342, at *5 (E.D. Va. June 12, 2013).  CCE cannot distinguish *Rembrandt* with details alleged only in the Opposition.  *See* Opp. at 5.  Further, CCE's new allegation that Defendants received "actual notice" of these patents is based on Defendants—or even more ambiguously, their affiliates'—*association* with 3GPP.  CCE never actually alleges that 3GPP or any related person or entity disclosed any of these patents to Defendants.

Because CCE alleges neither that any Defendant had pre-suit knowledge of one patent, nor facts sufficient to provide more than a speculative possibility that any Defendant had pre-suit knowledge of the other four patents, CCE's willful and indirect infringement claims should be dismissed.  At a minimum, CCE cannot recover damages for those claims allegedly accrued prior to the Complaint's filing.  *E.g., Execware LLC v. Staples Inc.*, No. 1:11-cv-00836-LPS-SRF, at *10, 12 (D. Del. Dec. 12, 2012) (slip copy) (recommendation adopted Jan. 16, 2013).

## II.    CONCLUSION

Defendants respectfully request that the Court dismiss CCE's claims of indirect and willful infringement.  Alternatively, Defendants respectfully request the Court rule that CCE cannot recover for any alleged damages prior to filing of the Complaint.

Dated:  December 13, 2013                 Respectfully submitted,

                                          */s/  Rick L. Rambo*
                                          Rick L. Rambo
                                          Texas State Bar No. 00791479
                                          rrambo@morganlewis.com
                                          Adam A. Allgood
                                          Texas State Bar No. 24059403
                                          aallgood@morganlewis.com
                                          1000 Louisiana Street, Suite 4000
                                          Houston, Texas 77002
                                          (713) 890-5000 Telephone
                                          (713) 890-5001 Facsimile

                                          Robert W. Busby, LEAD ATTORNEY
                                          Virginia Bar No. 41312 (*Application for
                                          Admission Pro Hac Vice Pending*)
                                          rbusby@morganlewis.com
                                          John D. Zele
                                          Virginia Bar No. 36183 (*Application for
                                          Admission Pro Hac Vice Pending*)
                                          jzele@morganlewis.com
                                          Jeremy D. Peterson
                                          Virginia Bar No. 36183 (*Application for
                                          Admission Pro Hac Vice Pending*)
                                          jpeterson@morganlewis.com
                                          Bradford A. Cangro (*admitted in TXED*)
                                          D.C. Bar No. 495996
                                          bcangro@morganlewis.com
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Avenue, NW
                                          Washington, DC 20004
                                          (202) 739-3000 Telephone
                                          (202) 739-3001 Facsimile

                                          *Counsel for Defendants*
                                          *NEC Corporation of America, Inc., NEC CASIO*
                                          *Mobile Communications, Ltd., and AT&T Mobility*
                                          *LLC*

/s/ *Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles B. Molster, III
Virginia State Bar No. 23613
Thomas M. Dunham
D.C. Bar No. 448407
cmolster@winston.com
tdunham@winston.com
WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100

*Attorneys for Cellco Partnership d/b/a/ Verizon Wireless*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served via the

Court's CM/ECF system per Local Rule CV-5(a)(3) on December 13, 2013.

/s/ Rick L. Rambo
Rick L. Rambo